Reynolds, J.
This is the case of the state of Ohio, plaintiff, vs Forrest Joiner and Ray Joiner, defendants.
The grand jury of this county at the September term of this court, 1917, returned an indictment against the defendants charging them with the crime of murder while attempting to commit robbery. To this indictment the defendants have filed an amended plea in abatement, and to this amended plea in abatement the state has interposed a demurrer, and now comes Forrest Joiner, by his counsel in open court and upon his own *314 motion and by leave of court, withdraws the plea in abatement in all respects as it may affect him, the said Forrest Joiner.
Now, this cause is before the court for the determination of the question raised by the plea in abatement and the demurrer thereto with respect solely to the defendant, Ray Joiner.
The defendant, Ray Joiner, by his plea in abatement maintains that he is <a minor under the age of eighteen years and was under the age of eighteen years when the alleged act for which he stands indicted was committed.
And further claims that by reason of his minority that the justice of the peace had no jurisdiction to hear and determine the charge against him which was raised by the affidavit charging bim with the commission of the alleged crime of murder, and the proceedings had before the said justice of the peace were void for want of jurisdiction; further, that the action of the grand jury in returning said indictment was without authority in law and therefore void and that the court should not further proceed against him under this indictment and that he should not be required to plead to said indictment.
The questions presented call for a construction of the sections of the code with reference to the procedure when minors under the age of eighteen years are charged with crime, in this case murder in the first degree. For the purpose of this hearing the demurrer admits every fact that is well pleaded in the amended plea in abatement.
Section 1639, General Code, provides:
“Courts of common pleas, probate courts, insolvency courts and superior courts, where established, shall have and exercise, concurrently, the powers and jurisdictions conferred in this chapter. The judge of such courts in each county at such times as they determine shall designate one of their number to transact the business arising under such jurisdiction. When the term of the judge so designated expires or his office terminates another designation shall be made in like manner. The words ‘juvenile court,’ when used in the statutes of Ohio, shall be understood as meaning the court in which the judge so designated may be sitting while exercising such jurisdiction, and the words ‘judge of the juvenile court,’ or ‘juvenile judge,’ as meaning such judge while exercising such jurisdiction.”
*315 Section 1642 of the General Code provides:
“Such courts of common pleas, probate courts, insolvency-courts, and superior courts, within the provisions of this chapter shall have jurisdiction over and with respect to delinquent, neglected and dependent minors under the age of eighteen years and not inmates of a state institution or any institution incorporated under the laws of the state for the care and correction of delinquent, neglected and dependent children, and their parents, guardians, or any person, persons, corporation or agent of a corporation responsible for, or guilty of causing, encouraging, aiding, abetting, or contribriting toward the delinquency, neglect or dependency of such minor, and such courts shall have jurisdiction to hear and determine any charge or prosecution against any person, persons, corporations or their agents for the -commission .of any misdemeanor involving the care, protection, education, or comfort of any such minor under the age of eighteen years.
The Legislature has established the juvenile court in the exercise of its police power to protect children and to remove them from evil influences. Children’s Home Society v. Fetter, 90 O. S., page 110.
The juvenile court act which provides for the care of delinquent children does not declare delinquency a crime and such statutes are corrective and not criminal. In re Januszweishi, 196 Fed., 123.
Section 1644,'General Code, delinquent children defined:
“For the purpose of this chapter the words ‘delinquent child’ includes any child under eighteen years of age who violates a law of this state or a city or a village ordinance, or who is incorrigible, or who knowingly associates with thieves, vicious or immoral persons, or who is growing up in idleness or crime, or who knowingly visits or enters a house of ill repute, or who knowingly patronizes or visits a policy shop or place where any gambling device or gambling scheme is, or shall be operated or conducted, or who patronizes or visits a saloon or dram shop where intoxicating liquors are sold, or who patronizes or visits a public pool or billiard room or bucket shop, or who wanders about the streets in the night time, or who wanders about railroad yards or tracks, or jumps or catches on to a moving train, traction or street car, or enters a ear or engine without lawful *316 authority, or who uses vile, obscene, vulgar, profane, or indecent language, or who visits or frequents any theater, gallery, penny arcade, or moving picture show where lewd, vulgar, or indecent pictures, exhibits or performances are displayed, exhibited or given, or who is an habitual truant, or who uses any injurious drug. A child committing any of the acts herein mentioned shall be deemed a juvenile delinquent person and be proceeded against in the manner herein provided.”
Delinquency has not been declared a crime in Ohio, and the Ohio juvenile act is neither criminal nor penal in its nature, but is an administrative police regulation of a corrective character; and while the commission of the crime may set the machinery of the juvenile court in motion the accused was not tried in that court for his crime but for incorrigibility. 196 Fed., 123.
Section 1652, General Code:
“In case of a delinquent child the judge may continue the hearing from time to time and may commit the child to the care and custody of a probation officer and may allow such child to remain at its home subject to the visitation of the probation officer or otherwise as the court may direct, and subject to be returned to the judge for further and other proceedings whenever such action may appear to be necessary, or the judge may cause the child to be placed in a suitable family home subject to the friendly provision of the probation officer and the further order of the judge, or he may authorize the child to be boarded in some suitable family home in case provision be made by voluntary contribution or otherwise for the payment of the board of such children until suitable provision be made for it in a home without such payment, or the judge may commit such child, if a boy, to a training school for boys, or if a girl, to the Girls’ Industrial School for girls, or commit the child to any institution within the county that may care for delinquent children, or be provided by the state or county, suitable for the care of such delinquent. In no case shall a child committed to such institutions be confined under such commitment after attaining the age of twenty-one years, or the judge may commit the child to the care and custody of an association that will receive it embracing in its business the care of neglected or dependent children, if duly approved by the board of state trustees as provided by law. Where it appears at the hearing of a male delinquent child that he is sixteen years of age or over and has committed a felony the juvenile court may commit such child to the Ohio State Reformatory.”
*317 Section 1681, General Code, provides:
“When any information or complaint shall be filed against a delinquent child under these provisions charging him with a felony, the judge may order such child to enter'into recognizance, with good and sufficient surety, in such amount as he deems reasonable for his appearance before the court of common pleas at the next term thereof. The same proceedings shall be had thereafter upon such complaint as now authorized by law for the indictment, trial, judgment and sentence of any other person charged with a felony.”
This section is discretionary and not mandatory and a delinquent child charged with a felony may be committed, as provided in General Code, 1652, or recognized to the court of common pleas subject to the requirements of the general criminal laws of the state at the discretion of the juvenile judge. 23 C.C. (N.S.), 442.
Section 1683, General Code:
“While this chapter shall be liberally construed to the end that proper guardianship may be provided for the child, in order that it may be educated and cared for as far as practicable in such manner as best subserves its moral and physical welfare, and that as far as practicable in proper case, the parent, parents or guardian of such child may be compelled to perform their moral ,and legal duty in the interest of the child.”
It is clear to this court that our Legislature with one stroke conferred upon the juvenile court, where established, exclusive jurisdiction of minors under eighteen years of age, who may be charged with the violation of a law of this state, or a city or village ordinance.
The plea in abatement in this case and the affidavit filed in support thereof disclose this fact, to-wiit: The defendant, Ray Joiner, was born on the 28th day of March, 1902, hence he became fifteen years of age on the 28th day of March, 1917, which clearly brings him within the provisions of the juvenile act.
The state maintains that the juvenile act is unconstitutional in this, that it contravenes Article I, Section 9 of the Constitution of Ohio, which provides:
*318 “All persons shall be bailable by sufficient surety, except for capital offenses, where the proof is evident or the presumption great. ”
As we understand this provision of the Constitution, it lies within the sound discretion of the juvenile judge (Section 1681 of this act), or of the common pleas court judge having jurisdiction of a defendant, whether or no the defendant charged with a capital offense shall be admitted to bail, hence the juvenile act is not unconstitutional in this respect.
The state of Ohio most earnestly urges this proposition, that the defendant having been indicted by the grand jury oí this county for the alleged crime of murder in the first degree, that said indictment is a good and valid indictment on account of the nature and degree of crime charged in the indictment.
'This contention is sound unless the Legislature by the juvenile act conferred upon the juvenile court exclusive jurisdiction with respect to minors under eighteen years of age charged with crime without respect to the nature, grade, or degree thereof.
Construing the juvenile act in its entirety we are clearly of the opinion that the juvenile court has the exclusive jurisdiction of minors under eighteen years of age who may be charged with the commission of any crime whether it be a misdemeanor or felony; further, the defendant has been deprived of the legal right to have the juvenile judge in the exercise of his sound discretion determine and say with respect to two events, viz., first, whether the defendant shall be held to bail for his appearance before the court of common pleas, or whether the defendant may, in the sound discretion of the juvenile judge,-be committed to the Ohio State Reformatory, or otherwise proceeded against. It is perfectly obvious that this legal right has been denied to the defendant. The sound discretion of the juvenile judge is prerequisite to the vesting of jurisdiction in the common pleas court. It is the ushering in of a new era for all children who may come within the provisions of its saving grace.
When a child under eighteen years of age has been by the juvenile court found to be a delinquent child as defined by the juvenile court act, and the juvenile court further finds that said *319 delinquency is grounded in a felony, the delinquent child is dealt with on account of being found to be a delinquent child and is not punished under our criminal laws for the felony out of which the delinquency sprang unless the juvenile judge in the exercise of his discretion binds the defendant child over to the common pleas court as provided by Section. 1681 of this act.
In our opinion this is the broadest and most humane act given to a people since the signing of the Magna Charta by King John. It is in tune and in step with every inspiring thought and noble impulse concerning the care, safety and well being of children under eighteen years of age.
To be sure the record of the justice of the peace is silent as to the age of the defendant, neither was there anything said or done tending to establish the age of the defendant before the justice of the peace, neither does the defendant in his plea in abatement claim that his age was made known to the justice of the peace, and it is not contended in this hearing that there was anything concerning or .about the appearance of the defendant or his conduct in the justice of the peace court that in any way tended to charge the justice of the peace with knowledge of the age of the defendant, of and concerning which he himself was silent.
All this is unavailing to the state because the justice of the peace had no jurisdiction over this defendant, and by no act or conduct of the defendant could the justice of the peace acquire jurisdiction over him. ITad the defendant fled following the, commission of the alleged crime, and had he remained in hiding until the grand jury returned an indictment against him and following that, and for the first time he was .apprehended and brought into the common pleas court to answer to said indictment, even under these circumstances the minor defendant has the legal right to be first arraigned in the juvenile court and there receive the benefit of the sound discretion of the juvenile judge as provided by Section 1681 of this act, and this initial proceeding before the juvenile court is prerequisite to the vesting of jurisdiction in the court of common pleas or in the grand jury to return .a valid-indictment against this defendant.
*320 The juvenile court was created and set apart from the criminal branch of the common pleas court for the purpose of providing a court of refuge where all children under eighteen years of age who are charged with the violation of a law of this state must first be brought that their offenses or crimes, whether misdemeanors or felonies, shall be first inquired into toy the juvenile court. It matters not whether the child be seventeen or seven years of age just so he be under eighteen years of age.
The court keenly appreciates the fact that this is a wide departure from the old and well beaten path of criminal procedure. Under the old English laws there were more than sixty offenses which were declared to be capital crimes and now in this country we have but one crime, except treason, which is punishable by death, to-wit, the crime of murder with this ingredient, premeditated malice aforethought. We speak of these to indicate the trend of our civilization, and we firmly believe that the juvenile act is as certain as human destiny and as enduring as truth itself.
We have been drawn to this conclusion by the irresistible force of reasoning and we find that the plea in abatement is true, and the demurrer is therefore overruled. And we further find and hold that the indictment in question is void and of no force or effect in law as against the defendant, Ray Joiner, and the court further finds that said indictment is valid as against the defendant, Forrest Joiner.
The defendant, Ray Joiner, is, by order of this court, ordered transferred into the custody of the juvenile judge, there tO' be proceeded with' as' provided by law.